UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LISA WOLFF,

        Plaintiff,

    v.

MEDTRONIC, INC., et al.,

        Defendants.

23-CV-828-LJV
ORDER TO SHOW CAUSE

---

On March 28, 2023, the plaintiff, Lisa Wolff, commenced this action in New York State Supreme Court, Erie County, against four defendants: Medtronic, Inc.; Medtronic USA, Inc.; Medtronic MiniMed, Inc.; and MiniMed Distribution Corp.  Docket Item 1.  On August 14, 2023, the defendants removed the case to this Court, asserting that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a).  Docket Item 1 at ¶¶ 10-11.

Wolff did not move to remand the case, and the time to do so now has expired. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").  Nevertheless, a federal district court has a duty to confirm that it has subject matter jurisdiction, even when no party has challenged it.  *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *see also Herrera v.*

*Turner*, 2016 WL 4536871, at *1 (E.D.N.Y. Aug. 30, 2016) ("[S]ua sponte remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction." (italics omitted)).  Thus, this Court must determine whether it has jurisdiction based on diversity of citizenship as the notice of removal alleges.

Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different [s]tates." 28 U.S.C. § 1332(a).  The second of those two requirements appears to be met here: In their notice of removal, the defendants assert that Wolff is a citizen of New York; that defendants Medtronic, Inc., and Medtronic USA, Inc., are citizens of Minnesota, where both are incorporated and have their principal place of business; and that defendants Medtronic MiniMed, Inc., and MiniMed Distribution Corp. are citizens of Delaware, where they are incorporated, and California, where each has its principal places of business.  *See* Docket Item 1 at ¶¶ 14-19; *see also* 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business").

What is less clear is whether the first requirement—amount in controversy—is met here.  *See* 28 U.S.C. § 1332(a).  The defendants say that "[t]he allegations in the [c]omplaint demonstrate that the amount in controversy exceeds $75,000," pointing both to the nature of the alleged injuries and their discussions with Wolff's counsel regarding her medical issues.  Docket Item 1 at ¶¶ 27-29; Docket Item 1-8 at ¶ 3 ("Plaintiff's counsel acknowledged that . . . it is reasonable to assume Plaintiff's claimed damages

2

will be more than $75,000."). But "a mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for [a court] to determine . . . that the jurisdictional threshold of [section] 1332(a) has been met." *Barrett v. TP Trucking Co.*, 2020 WL 1862362, at *2 (S.D.N.Y. Apr. 14, 2020) (collecting cases).

Wolff seeks damages for the "severe, debilitating[,] and permanent injuries" that she says were caused by the defendants, *see* Docket Item 1-1 at ¶¶ 37, 42, 46, and 51, and such damages may well amount to more than $75,000. But neither her complaint nor her amended complaint specify the dollar amount of damages she seeks, and in the absence of anything specifying the amount sought, the Court "is left to guess at the amount in controversy." *See Casco v. Delta Air Lines, Inc.*, 2023 WL 254987, at *3 (E.D.N.Y. Apr. 14, 2023); *see also Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (noting that "[c]ourts in this district have rejected . . . generalized, boilerplate allegations as a basis for asserting the amount in controversy" and holding that fact that complaint sought damages for "serious personal injuries and ultimately the loss of a life" was "insufficient," standing alone, to show that amount in controversy requirement was met (citations and internal quotation marks omitted)).

## **CONCLUSION**

Because, based on the current record, the Court is unable to determine whether the amount in controversy exceeds $75,000—and thus whether it has subject matter jurisdiction—the defendants are hereby ordered to show cause within **14 days of the date of this order** why this case should not be remanded to New York State Supreme Court, Erie County, for lack of subject matter jurisdiction.

3

SO ORDERED.

Dated: February 13, 2025
       Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE